IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-cv-00432-BO-RN

| | |
|---|---|
| NAOMI LIEBHOLD and MICHAEL PAPETTI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTELERAD MEDICAL SYSTEMS, INCORPORATED,<br><br>Defendant. | **DEFENDANT INTELERAD MEDICAL SYSTEMS INCORPORATED'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT** |

Defendant Intelerad Medical Systems, Incorporated ("Intelerad" or "Defendant") hereby files this Answer and Affirmative Defenses to Plaintiffs Naomi Liebhold's and Michael Papetti's ("Plaintiffs") Second Amended Class Action Complaint (D.E. 34) (the "Complaint"), and would respectfully show the Court as follows. Except as expressly admitted below, Intelerad denies each and every allegation contained in the Complaint, including the headings and subheadings used therein, which are included solely for organizational convenience and to which no response is required; to the extent a response is deemed required, Intelerad denies the characterizations contained in such headings and subheadings.

## NATURE OF THE ACTION

1. Intelerad denies the allegations in Paragraph 1.

2. Intelerad admits that it runs a cloud-based medical image management platform previously known as DICOM Grid and Ambra Health, and now known as InteleShare (the "Platform"), and issued marketing materials related to its acquisition of Dicom Grid, Inc. d/b/a

Ambra Health, which speak for themselves. Intelerad denies each and every other allegation in Paragraph 2.

3. Intelerad admits that healthcare providers across the United States use the Platform to store, transmit, and access certain patient information, including medical images and related data, and that the Platform is designed to enable collaborative care among hospitals, radiology practices, and clinical research institutions. Intelerad denies each and every other allegation in Paragraph 3.

4. Intelerad admits that the SimpleHelp Remote Monitoring and Management ("SimpleHelp"), a third-party software tool allowing Platform users to remotely access onsite computer systems, was integrated by some clients for use in connection with the Platform. Intelerad denies each and every other allegation in Paragraph 4, including that Intelerad itself integrated and relied on SimpleHelp.

5. Intelerad denies that it failed to securely implement, configure, or monitor SimpleHelp, that any misconfiguration of SimpleHelp by Intelerad caused any exfiltration of data from the systems of healthcare providers using the Platform, and that any event properly characterized as a "Data Breach" occurred. Intelerad is without knowledge or information sufficient to form a belief as to whether any unauthorized exfiltration of data from the Platform occurred or what categories of data, if any, were exfiltrated from the systems of healthcare providers using the Platform, and on that basis denies the other allegations in Paragraph 5.

6. Intelerad denies the allegations in Paragraph 6.

7. Intelerad admits that it issued communications to certain of its clients regarding a security vulnerability identified in SimpleHelp, which communications speak for themselves.

Intelerad denies each and every other allegation in Paragraph 7, including the characterization that such communications constituted the "only notice" provided or were otherwise deficient.

8. Intelerad denies the allegations in Paragraph 8.

9. Intelerad is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9, and on that basis denies those allegations.

10. Intelerad denies the allegations in Paragraph 10.

11. Intelerad denies the allegations in Paragraph 11 and denies that Plaintiffs or any putative Class member is entitled to any of the relief sought. Intelerad further states that, pursuant to the Court's Order on Intelerad's motion to dismiss [D.E. 49], Plaintiffs' request for injunctive relief compelling Intelerad to enhance its security and monitoring systems and submit to future audits has been dismissed for lack of standing, and no response is required as to that portion of the requested relief; to the extent a response is deemed required, Intelerad denies that Plaintiffs or the putative Class are entitled to such relief.

12. Intelerad admits that Plaintiffs purport to assert the ten causes of action listed in Paragraph 12. Intelerad denies that Plaintiffs or any putative Class member is entitled to relief on any of those causes of action and denies each and every other allegation in Paragraph 12. Intelerad further notes that Plaintiffs have voluntarily dismissed without prejudice their claims for breach of fiduciary duty and bailment. *See* D.E. 41 at 3, n.2.

13. No response is required to the Complaint's omission of any Paragraph 13.

**PARTIES**

14. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 concerning Plaintiff Liebhold's residency and citizenship, and on that basis denies those allegations.

15. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 concerning Plaintiff Papetti's residency and citizenship, and on that basis denies those allegations.

16. Intelerad denies the allegations in Paragraph 16.

17. Intelerad admits that it conducts business in the United States. Paragraph 17 further states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad denies the remaining allegations in Paragraph 17.

## JURISDICTION AND VENUE

18. Paragraph 18 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 18.

19. Paragraph 19 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 19.

20. Paragraph 20 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 20.

## COMMON FACTUAL ALLEGATIONS

### A. Defendant Collected, Maintained, and Stored Sensitive Information.

21. Intelerad admits that it develops and offers the Platform, which includes cloud-based medical imaging software and services that are used by healthcare providers nationwide to store, manage, and share medical images, enabling collaborative care across hospitals, radiology practices, and research organizations.

22. Intelerad admits that a third-party tool known as SimpleHelp was integrated into the Platform by some clients. Intelerad denies each and every other allegation in Paragraph 22, including that Intelerad itself implemented and integrated SimpleHelp into the Platform.

23. Intelerad admits that, through the Platform, it collects, processes, and maintains information associated with the patients of its healthcare provider clients. Plaintiffs' characterization of this information as a "vast amount" of "Sensitive Information" that "belongs" to patients is a legal conclusion to which no response is required. To the extent a response is deemed required, Intelerad denies this characterization.

24. Intelerad admits that healthcare providers who use the Platform transmit certain patient information in connection with that use, including, potentially, names, dates of birth, medical record numbers, and radiology reports, which is then stored on Defendant's cloud-based systems. Plaintiffs' characterization of the information transmitted as "Sensitive Information," "PII," and "PHI" is a legal conclusion to which no response is required. To the extent a response is deemed required, Intelerad denies this characterization. Intelerad denies each and every other allegation in Paragraph 24.

25. Intelerad denies the allegations in Paragraph 25, including that patients are required to provide information to Intelerad or that Intelerad conditions access to the Platform on receipt of patient information.

26. Paragraph 26 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 26.

27. Intelerad denies the allegations in Paragraph 27, including that the privacy policy quoted and hyperlinked in Paragraph 27 is associated in any way with Intelerad or the InteleShare Platform.

28. Intelerad is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 28, and on that basis denies those allegations.

29. Intelerad denies the allegations in Paragraph 29, including that the privacy policy quoted in Paragraph 29 is associated in any way with Intelerad or the InteleShare Platform.

30. Paragraph 30 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 30.

31. Intelerad admits that it derives revenue from providing cloud-based medical imaging services to healthcare providers. Intelerad denies each and every other allegation in Paragraph 31.

32. Intelerad denies the allegations in Paragraph 32.

**B. Defendant's Data Breach Exposed Patients' Sensitive Information.**

33. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 concerning the conduct of unidentified third-party threat actors, and on that basis denies those allegations. Intelerad denies each and every other allegation in Paragraph 33.

34. Intelerad denies the allegations in Paragraph 34.

35. Intelerad denies the allegations in Paragraph 35.

36. Intelerad denies the allegations in Paragraph 36.

37. Intelerad denies the allegations in Paragraph 37.

38. Intelerad denies the allegations in Paragraph 38.

39. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 39.

### C. Defendant Knew or Should Have Known of the Risk of Being Targeted by Third-Party Threat Actors Because Institutions in Possession of Sensitive Information Are Frequently Targeted in Cyberattacks.

40. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 40.

41. Paragraph 41 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 41.

42. Intelerad admits that the Federal Bureau of Investigation and the United States Secret Service have issued public statements regarding ransomware targeting certain sectors, which speak for themselves. Intelerad denies each and every other allegation in Paragraph 42.

43. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 regarding statistics reported by a third party, and on that basis denies those allegations.

44. Intelerad denies the allegations in Paragraph 44.

45. Intelerad denies the allegations in Paragraph 45, including subparts (a) through (h).

46. Intelerad denies the allegations in Paragraph 46.

47. Intelerad denies the allegations in Paragraph 47.

48. Paragraph 48 states a general and argumentative statement to which no response is required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 48.

49. Intelerad denies the allegations in Paragraph 49, including that any “PII” or “PHI” acquired from the Platform relating to Plaintiffs or the putative Class is available on the “Dark Web” as a result of an event attributable to Intelerad.

50. Paragraph 50 states a general statement to which no response is required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 50.

51. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and on that basis denies those allegations.

52. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis denies those allegations.

53. Intelerad denies the allegations in Paragraph 53.

54. Intelerad denies the allegations in Paragraph 54.

**D. Defendant Failed to Comply with FTC Guidelines.**

55. Paragraph 55 characterizes official guidance, which speaks for itself. Intelerad denies each and every other allegation in Paragraph 55.

56. Paragraph 56 characterizes official guidance, which speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 56.

57. Paragraph 57 characterizes official guidance, which speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 57.

58. Paragraph 58 characterizes official guidance, which speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 58.

59. Paragraph 59 characterizes official guidance, which speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 59.

60. Paragraph 60 characterizes official guidance, which speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 60.

61. Paragraph 61 characterizes official guidance, which speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 61, including subparts

(a) through (i).

62. Paragraph 62 states a legal conclusion and characterizes official guidance, which speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 62, including any suggestion that Intelerad engaged in an unfair act or practice.

63. Paragraph 63 states legal conclusions and general characterizations of FTC enforcement activity to which no response is required. To the extent a response is deemed required, Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and on that basis denies those allegations.

64. Paragraph 64 states legal conclusions and general characterizations of FTC enforcement activity to which no response is required. To the extent a response is deemed required, Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and on that basis denies those allegations.

65. Paragraph 65 states general characterizations of FTC enforcement activity to which no response is required. To the extent a response is deemed required, Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and on that basis denies those allegations.

66. Intelerad denies the allegations in Paragraph 66.

67. Intelerad denies the allegations in Paragraph 67.

68. Paragraph 68 states a legal conclusion to which no response is required, and the cited statute speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 68.

69. Intelerad denies the allegations in Paragraph 69.

### E. Defendant Failed to Comply with Industry Standards.

70. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and on that basis denies those allegations.

71. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and on that basis denies those allegations.

72. Paragraph 72 characterizes official government recommendations, which speak for themselves. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 72.

73. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis denies those allegations.

74. Paragraph 74 characterizes official guidance, which speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 74. Intelerad denies each and every allegation that it failed to implement the referenced practices.

75. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis denies those allegations.

76. Intelerad denies the allegations in Paragraph 76, including that it failed to comply with the cited frameworks or that any such failure caused any incident properly characterized as a "Data Breach."

### F. Defendant's Conduct and Insufficient Data Security Violate HIPAA.

77. Paragraph 77 states a legal conclusion to which no response is required, and the cited statute and regulations speak for themselves. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 77.

78. Paragraph 78 states a legal conclusion to which no response is required, and the

cited regulations speak for themselves. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 78.

79. Paragraph 79 states a legal conclusion to which no response is required, and the cited statutes speak for themselves. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 79.

80. Paragraph 80 states a legal conclusion to which no response is required, and the cited regulations speak for themselves. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 80.

81. Paragraph 81 states a legal conclusion to which no response is required, and the cited regulations speak for themselves. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 81.

82. Intelerad denies the allegations in Paragraph 82.

83. Paragraph 83 states a legal conclusion to which no response is required, and the cited regulation speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 83.

84. Intelerad denies the allegations in Paragraph 84.

**G. The Data Breach Resulted from Defendant's Failure to Properly Maintain and Safeguard Its Systems and Data.**

85. Intelerad denies the allegations in Paragraph 85.

86. Intelerad denies the allegations in Paragraph 86, including subparts (a) through (r).

87. Paragraph 87 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 87.

### H. Cyberattacks and Data Breaches Cause Disruption and Put Victims at an Increased Risk of Fraud and Identity Theft.

88. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and on that basis denies those allegations.

89. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and on that basis denies those allegations.

90. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and on that basis denies those allegations.

91. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and on that basis denies those allegations.

92. Intelerad denies the allegations in Paragraph 92.

93. Intelerad denies the allegations in Paragraph 93.

94. Intelerad denies the allegations in Paragraph 94.

95. Paragraph 95 characterizes official guidance, which speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 95.

96. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and on that basis denies those allegations.

97. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and on that basis denies those allegations.

98. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and on that basis denies those allegations.

99. Intelerad denies the allegations in Paragraph 99.

100. Intelerad denies the allegations in Paragraph 100.

101. Paragraph 101 characterizes official guidance, which speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 101.

102. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and on that basis denies those allegations.

103. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and on that basis denies those allegations.

104. Paragraph 104 characterizes official guidance, which speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 104.

105. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and on that basis denies those allegations.

106. Intelerad denies the allegations in Paragraph 106.

107. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and on that basis denies those allegations.

108. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and on that basis denies those allegations.

109. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and on that basis denies those allegations.

110. Paragraph 110 characterizes official guidance, which speaks for itself. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 110.

111. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and on that basis denies those allegations.

112. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and on that basis denies those allegations.

113. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and on that basis denies those allegations.

114. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and on that basis denies those allegations.

115. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and on that basis denies those allegations.

116. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and on that basis denies those allegations.

117. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and on that basis denies those allegations.

118. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and on that basis denies those allegations.

119. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and on that basis denies those allegations.

120. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and on that basis denies those allegations.

121. Intelerad denies the allegations in Paragraph 121.

**I. Plaintiffs' and Class Members' Damages.**

122. Intelerad denies the allegations in Paragraph 122.

123. Intelerad denies the allegations in Paragraph 123, including as to the alleged categories of so-called "Sensitive Information" compromised.

124. Intelerad denies the allegations in Paragraph 124.

125. Intelerad denies the allegations in Paragraph 125.

126. Intelerad denies the allegations in Paragraph 126.

127. Intelerad denies the allegations in Paragraph 127.

128. Intelerad denies the allegations in Paragraph 128.

129. Intelerad denies the allegations in Paragraph 129.

130. Intelerad denies the allegations in Paragraph 130.

131. Intelerad denies the allegations in Paragraph 131.

132. Intelerad denies the allegations in Paragraph 132, including subparts (a) through (f).

133. Intelerad denies the allegations in Paragraph 133.

134. Intelerad denies the allegations in Paragraph 134.

135. Intelerad denies the allegations in Paragraph 135.

## REPRESENTATIVE PLAINTIFF NAOMI LIEBHOLD'S EXPERIENCE

136. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 concerning Plaintiff Liebhold's status as a patient of Mt. Baker Imaging/Northwest Radiologists, and on that basis denies those allegations.

137. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and on that basis denies those allegations.

138. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 regarding Plaintiff Liebhold's subjective expectations, and on that basis denies those allegations. Intelerad denies each and every other allegation in Paragraph 138.

139. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 regarding Plaintiff Liebhold's subjective expectations,

and on that basis denies those allegations. Intelerad denies each and every other allegation in Paragraph 139.

140. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 concerning Plaintiff Liebhold's specific data and whether it was improperly accessed or obtained, and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 140 that any such access occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

141. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 concerning Plaintiff Liebhold's subjective expectations and hypothetical conduct, and on that basis denies those allegations.

142. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 concerning Plaintiff Liebhold's personal data-handling practices, and on that basis denies those allegations.

143. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 concerning Plaintiff Liebhold's alleged mitigation efforts, and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 143 that any such mitigation efforts occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

144. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 concerning Plaintiff Liebhold's alleged time expenditures, and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 144 that any such time expenditures occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

145. Intelerad denies the allegations in Paragraph 145, including subparts (a) through (e), and denies that Plaintiff Liebhold suffered any actual injury caused by Intelerad.

146. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 concerning Plaintiff Liebhold's anticipated future expenditures, and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 146 that any such future expenditures are attributable to any event attributable to Intelerad or properly characterized as a "Data Breach."

147. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 concerning Plaintiff Liebhold's alleged receipt of spam calls, texts, or phishing attempts, and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 147 that any such attempts occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

148. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 concerning Plaintiff Liebhold's alleged identity theft and cancellation of bank cards, and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 148 that any such events occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

149. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 concerning the specific debit-card charge described and Plaintiff Liebhold's provision of that card to Mt. Baker Imaging, and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 149 that any such events occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

150. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 concerning whether Plaintiff Liebhold's PII or PHI is on the "dark web," and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 150 that any such circumstance occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

151. Intelerad denies the allegations in Paragraph 151, and denies that any anxiety, stress, or fear Plaintiff Liebhold may have experienced occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

152. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 concerning Plaintiff Liebhold's alleged lost time and anxiety, and on that basis denies those allegations. Intelerad denies that any such harm, if it occurred, occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

153. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 concerning Plaintiff Liebhold's alleged risk of harm, and on that basis denies those allegations.

154. Intelerad denies the allegations in Paragraph 154.

**REPRESENTATIVE PLAINTIFF MICHAEL PAPETTI'S EXPERIENCE**

155. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 concerning Plaintiff Papetti's status as a patient of Mt. Baker Imaging/Northwest Radiologists, and on that basis denies those allegations.

156. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156, and on that basis denies those allegations.

157. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 concerning Plaintiff Papetti's subjective expectations, and on that basis denies those allegations. Intelerad denies each and every other allegation in Paragraph 157.

158. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 concerning Plaintiff Papetti's subjective expectations, and on that basis denies those allegations. Intelerad denies each and every other allegation in Paragraph 158.

159. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 concerning Plaintiff Papetti's specific information and whether it was improperly accessed or obtained, and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 159 that any such access occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

160. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 concerning Plaintiff Papetti's subjective expectations and hypothetical conduct, and on that basis denies those allegations.

161. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 concerning Plaintiff Papetti's personal data-handling practices, and on that basis denies those allegations.

162. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 concerning Plaintiff Papetti's alleged mitigation efforts, and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 162 that

any such mitigation efforts occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

163. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 concerning Plaintiff Papetti's alleged time expenditures, and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 163 that any such time expenditures occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

164. Intelerad denies the allegations in Paragraph 164, including subparts (a) through (e), and denies that Plaintiff Papetti suffered any actual injury caused by Intelerad.

165. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 concerning Plaintiff Papetti's anticipated future expenditures, and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 165 that any such future expenditures are attributable to any event attributable to Intelerad or properly characterized as a "Data Breach."

166. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 concerning Plaintiff Papetti's alleged receipt of spam calls, texts, or phishing attempts, and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 166 that any such attempts occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

167. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 concerning Plaintiff Papetti's alleged identity theft and cancellation of bank cards, and on that basis denies those allegations. Intelerad denies the

allegations in Paragraph 167 that any such events occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

168. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 concerning whether Plaintiff Papetti's PII or PHI is on the "dark web," and on that basis denies those allegations. Intelerad denies the allegations in Paragraph 168 that any such circumstance occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

169. Intelerad denies the allegations in Paragraph 169, and denies that any anxiety, stress, or fear Plaintiff Papetti may have experienced occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

170. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 concerning Plaintiff Papetti's alleged lost time and anxiety, and on that basis denies those allegations. Intelerad denies that any such harm, if it occurred, occurred as a result of any event attributable to Intelerad or properly characterized as a "Data Breach."

171. Intelerad denies the allegations in Paragraph 171.

172. Intelerad denies the allegations in Paragraph 172.

## CLASS ACTION ALLEGATIONS

173. Paragraph 173 states a legal conclusion to which no response is required. To the extent a response is deemed required, Intelerad admits that Plaintiffs purport to bring this action under Rule 23 of the Federal Rules of Civil Procedure, and denies that class certification is appropriate or that Plaintiffs or any putative Class member is entitled to relief.

174. Intelerad admits that Paragraph 174 purports to describe a proposed Nationwide Class definition. Intelerad denies that certification of any such putative class is appropriate and denies each and every other allegation in Paragraph 174.

175. Intelerad admits that Paragraph 175 purports to describe a proposed Washington Subclass definition. Intelerad denies that certification of any such putative subclass is appropriate and denies each and every other allegation in Paragraph 175.

176. Intelerad admits that Plaintiffs refer to the Nationwide Class and Washington Subclass collectively as the "Class." Intelerad denies that certification of any such putative class is appropriate.

177. Paragraph 177 states legal conclusions and proposed class exclusions to which no response is required. To the extent a response is deemed required, Intelerad denies that certification of any putative class, however defined, is appropriate.

178. Intelerad denies the allegations in Paragraph 178, including that class certification is appropriate.

179. Intelerad denies the allegations in Paragraph 179, including that Plaintiffs' claims are typical of any putative class member's claims or that class certification is appropriate.

180. Intelerad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 concerning Plaintiffs' counsel's competence and experience, and on that basis denies those allegations. Intelerad denies each and every other allegation in Paragraph 180, including that Plaintiffs are adequate class representatives or that class certification is appropriate.

181. Intelerad denies the allegations in Paragraph 181, including subparts (a) through (q), and denies that any common questions predominate or that class certification is appropriate.

182. Intelerad denies the allegations in Paragraph 182, including that a class action is a superior method of adjudication.

183. Intelerad denies the allegations in Paragraph 183, including subparts (a) through (c).

184. Intelerad denies the allegations in Paragraph 184, including subparts (a) through (f), and denies that any particular issues are appropriate for certification.

185. Intelerad denies the allegations in Paragraph 185, including that members of the proposed Class are readily ascertainable.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENCE
### (ON BEHALF OF PLAINTIFFS & THE CLASS)

186. Intelerad restates and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

187. Intelerad denies the allegations in Paragraph 187.

188. Intelerad denies the allegations in Paragraph 188, including that Intelerad owed Plaintiffs or the putative Class a common-law or statutory duty of the kind and scope described, and denies that any such duty was breached.

189. Intelerad denies the allegations in Paragraph 189.

190. Intelerad denies the allegations in Paragraph 190, including that Plaintiffs and Class Members constituted a foreseeable class of potential victims to whom Intelerad owed the duties alleged.

191. Intelerad denies the allegations in Paragraph 191.

192. Intelerad denies the allegations in Paragraph 192.

193. Intelerad denies the allegations in Paragraph 193, including that Intelerad's duties arose from any special relationship recognized by common law or HIPAA in the manner alleged.

194. Intelerad denies the allegations in Paragraph 194, including any characterization of Intelerad's duties under HIPAA.

195. Intelerad denies the allegations in Paragraph 195, including that Intelerad's conduct constituted an unfair practice prohibited by Section 5 of the FTC Act.

196. Intelerad denies the allegations in Paragraph 196.

197. Intelerad denies the allegations in Paragraph 197, including subparts (a) through (f).

198. Intelerad denies the allegations in Paragraph 198.

199. Intelerad denies the allegations in Paragraph 199.

200. Intelerad denies the allegations in Paragraph 200, including that Intelerad's conduct was the direct and proximate cause of the Data Breach and resulting harm.

201. Intelerad denies the allegations in Paragraph 201.

202. Intelerad denies the allegations in Paragraph 202.

203. Intelerad denies the allegations in Paragraph 203.

204. Intelerad denies the allegations in Paragraph 204, including that Plaintiffs or the putative Class are entitled to compensatory or consequential damages.

205. Intelerad denies the allegations in Paragraph 205. Intelerad further states that, pursuant to the Court's Order [D.E. 49], Plaintiffs lack standing to pursue injunctive relief that would require Intelerad to enhance its data security systems and monitoring procedures or submit to future audits, and no response is required as to that request for relief; to the extent a response is deemed required, Intelerad denies that Plaintiffs or the putative Class are entitled to such relief.

**COUNT II**
**NEGLIGENCE PER SE**
**(ON BEHALF OF PLAINTIFFS & THE CLASS)**

206. Intelerad restates and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

207. Intelerad admits that Plaintiffs plead Count II as an alternative to Count I. Intelerad denies each and every other allegation in Paragraph 207.

208. Paragraph 208 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad respectfully refers the Court to the cited statutes and regulations for their full and accurate content, and denies each and every allegation inconsistent therewith.

209. Intelerad denies the allegations in Paragraph 209, including that Intelerad's conduct constituted an unfair practice prohibited by the FTC Act.

210. Intelerad denies the allegations in Paragraph 210.

211. Intelerad denies the allegations in Paragraph 211, including any characterization of Intelerad's duties under HIPAA.

212. Intelerad denies the allegations in Paragraph 212, including any characterization of Intelerad's duties under the HIPAA Security Rule.

213. Intelerad denies the allegations in Paragraph 213.

214. Paragraph 214 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad respectfully refers the Court to HITECH, 42 U.S.C. § 17932(d)(1), for its full and accurate content, and denies each and every allegation inconsistent therewith.

215. Paragraph 215 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad respectfully refers the Court to 42 U.S.C. § 17932(a) for its full and accurate content, and denies each and every allegation inconsistent therewith.

216. Paragraph 216 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad respectfully refers the Court to the cited statute for its full and accurate content, and denies each and every allegation inconsistent therewith.

217. Intelerad denies the allegations in Paragraph 217.

218. Intelerad denies the allegations in Paragraph 218.

219. Intelerad denies the allegations in Paragraph 219.

220. Intelerad denies the allegations in Paragraph 220, including subparts (a) through (i).

221. Intelerad denies the allegations in Paragraph 221.

222. Intelerad denies the allegations in Paragraph 222.

223. Intelerad denies the allegations in Paragraph 223.

224. Intelerad denies the allegations in Paragraph 224.

225. Intelerad denies the allegations in Paragraph 225, including that Plaintiffs or the putative Class are entitled to compensatory, consequential, or punitive damages.

226. Intelerad denies the allegations in Paragraph 226. Intelerad further states that, pursuant to the Court's Order [D.E. 49], Plaintiffs lack standing to pursue injunctive relief that would require Intelerad to strengthen its data security systems and monitoring procedures or submit to future audits, and no response is required as to that request for relief; to the extent a

response is deemed required, Intelerad denies that Plaintiffs or the putative Class are entitled to such relief.

**COUNT III**
**INVASION OF PRIVACY**
**(ON BEHALF OF PLAINTIFFS & THE CLASS)**

227. Intelerad restates and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

228. Intelerad denies the allegations in Paragraph 228.

229. Intelerad denies the allegations in Paragraph 229.

230. Intelerad denies the allegations in Paragraph 230.

231. Intelerad denies the allegations in Paragraph 231, including that Intelerad owed a duty of confidentiality to Plaintiffs or the putative Class in the manner alleged.

232. Intelerad denies the allegations in Paragraph 232.

233. Intelerad denies the allegations in Paragraph 233.

234. Intelerad denies the allegations in Paragraph 234.

235. Intelerad denies the allegations in Paragraph 235, including that Intelerad acted with a knowing state of mind.

236. Intelerad denies the allegations in Paragraph 236.

237. Intelerad denies the allegations in Paragraph 237.

238. Intelerad denies the allegations in Paragraph 238.

239. Intelerad denies the allegations in Paragraph 239. Intelerad further states that, pursuant to the Court's Order [D.E. 49], Plaintiffs lack standing to pursue injunctive relief premised on speculative future harm, and no response is required as to that request for relief; to

the extent a response is deemed required, Intelerad denies that Plaintiffs or the putative Class are entitled to such relief.

240. Intelerad denies the allegations in Paragraph 240.

241. Intelerad denies the allegations in Paragraph 241, including that Plaintiffs or the putative Class are entitled to injunctive relief or compensatory damages on this theory.

**COUNT IV**
**BREACH OF IMPLIED CONTRACT**
**(ON BEHALF OF PLAINTIFFS & THE CLASS)**

242. Intelerad restates and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

243. Intelerad denies the allegations in Paragraph 243.

244. Intelerad denies the allegations in Paragraph 244, including that Plaintiffs or the putative Class paid money to Intelerad, directly or indirectly, in exchange for any promise by Intelerad to protect Sensitive Information.

245. Intelerad denies the allegations in Paragraph 245.

246. Intelerad denies the allegations in Paragraph 246, including that any implied contract existed between Intelerad and Plaintiffs or the putative Class.

247. Intelerad denies the allegations in Paragraph 247.

248. Intelerad denies the allegations in Paragraph 248.

249. Intelerad denies the allegations in Paragraph 249.

250. Intelerad denies the allegations in Paragraph 250.

251. Intelerad denies the allegations in Paragraph 251.

252. Intelerad denies the allegations in Paragraph 252.

253. Intelerad denies the allegations in Paragraph 253.

254. Intelerad denies the allegations in Paragraph 254.

255. Intelerad denies the allegations in Paragraph 255.

256. Intelerad denies the allegations in Paragraph 256.

257. Intelerad denies the allegations in Paragraph 257.

258. Intelerad denies the allegations in Paragraph 258.

259. Intelerad denies the allegations in Paragraph 259.

260. Intelerad denies the allegations in Paragraph 260.

261. Intelerad denies the allegations in Paragraph 261.

262. Intelerad denies the allegations in Paragraph 262, including that Plaintiffs or the putative Class are entitled to actual, consequential, or nominal damages on this theory.

## COUNT V
## UNJUST ENRICHMENT
## (ON BEHALF OF PLAINTIFFS & THE CLASS)

263. Intelerad restates and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

264. Intelerad admits that Plaintiffs plead Count V as an alternative to Count IV. Intelerad denies each and every other allegation in Paragraph 264.

265. Intelerad denies the allegations in Paragraph 265, including that Plaintiffs or the putative Class conferred any monetary benefit on Intelerad under circumstances that would make its retention inequitable.

266. Intelerad denies the allegations in Paragraph 266, including that Intelerad enriched itself by avoiding data security expenditures.

267. Intelerad denies the allegations in Paragraph 267.

268. Intelerad denies the allegations in Paragraph 268, including that Intelerad acquired any benefit through inequitable means.

269. Intelerad denies the allegations in Paragraph 269.

270. Intelerad denies the allegations in Paragraph 270, including that Plaintiffs or the putative Class lack an adequate remedy at law.

271. Intelerad denies the allegations in Paragraph 271.

272. Intelerad denies the allegations in Paragraph 272.

273. Intelerad denies the allegations in Paragraph 273, including that Plaintiffs or the putative Class are entitled to disgorgement.

**COUNT VI**
**BREACH OF FIDUCIARY DUTY**
**(ON BEHALF OF PLAINTIFFS & THE CLASS)**

274. Plaintiffs voluntarily dismissed their breach of fiduciary duty claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 274 is therefore required. To the extent a response is deemed required, Intelerad restates and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

275. Plaintiffs voluntarily dismissed their breach of fiduciary duty claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 275 is therefore required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 275.

276. Plaintiffs voluntarily dismissed their breach of fiduciary duty claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 276 is therefore required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 276.

277. Plaintiffs voluntarily dismissed their breach of fiduciary duty claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 277 is therefore required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 277.

278. Plaintiffs voluntarily dismissed their breach of fiduciary duty claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 278 is therefore required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 278.

279. Plaintiffs voluntarily dismissed their breach of fiduciary duty claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 279 is therefore required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 279.

280. Plaintiffs voluntarily dismissed their breach of fiduciary duty claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 280 is therefore required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 280.

**COUNT VII**
**BREACH OF THIRD-PARTY BENEFICIARY CONTRACT**
**(ON BEHALF OF PLAINTIFFS & THE CLASS)**

281. Intelerad restates and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

282. Intelerad admits that it entered into contracts to provide services to its clients, the terms of which varied from client to client. Intelerad denies the allegations in Paragraph 282 to the extent that they assert that all client contracts had the same terms.

283. Paragraph 283 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 283.

284. Intelerad denies the allegations in Paragraph 284.

285. Intelerad denies the allegations in Paragraph 285.

286. Intelerad denies the allegations in Paragraph 286.

287. Intelerad denies the allegations in Paragraph 287, including that Plaintiffs or the putative Class are entitled to damages, costs, or attorneys' fees on this theory.

**COUNT VIII**
**BAILMENT**
**(ON BEHALF OF PLAINTIFFS & THE CLASS)**

288. Plaintiffs voluntarily dismissed their bailment claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 288 is therefore required. To the extent a response is deemed required, Intelerad restates and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

289. Plaintiffs voluntarily dismissed their bailment claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 289 is therefore required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 289.

290. Plaintiffs voluntarily dismissed their bailment claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 290 is therefore required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 290.

291. Plaintiffs voluntarily dismissed their bailment claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 291 is therefore required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 291.

292. Plaintiffs voluntarily dismissed their bailment claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 292 is therefore required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 292.

293. Plaintiffs voluntarily dismissed their bailment claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 293 is therefore required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 293.

294. Plaintiffs voluntarily dismissed their bailment claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 294 is therefore required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 294.

295. Plaintiffs voluntarily dismissed their bailment claim without prejudice. See D.E. 41 at 3, n.2. No response to Paragraph 295 is therefore required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 295.

## COUNT IX
## VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT
## RCW 19.86.010, ET SEQ.
## (ON BEHALF OF PLAINTIFFS & THE WASHINGTON SUBCLASS)

296. Intelerad restates and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

297. Paragraph 297 states legal conclusions to which no response is required. To the extent a response is deemed required, Intelerad denies the allegations in Paragraph 297.

298. Paragraph 298 states legal conclusions to which no response is required.

299. Paragraph 299 states legal conclusions to which no response is required.

300. Intelerad denies the allegations in Paragraph 300, including that Intelerad engaged in any unfair or deceptive act or practice.

301. Intelerad denies the allegations in Paragraph 301.

302. Intelerad denies the allegations in Paragraph 302, including that Intelerad failed to timely notify or concealed information from Plaintiffs or the putative Class.

303. Intelerad denies the allegations in Paragraph 303.

304. Intelerad denies the allegations in Paragraph 304.

305. Intelerad denies the allegations in Paragraph 305.

306. Intelerad denies the allegations in Paragraph 306. Intelerad further states that, pursuant to the Court's Order [D.E. 49], Plaintiffs lack standing to pursue injunctive relief premised on speculative future harm, and no response is required as to that request for relief; to the extent a response is deemed required, Intelerad denies that Plaintiffs or the putative Class are entitled to such relief.

307. Intelerad denies the allegations in Paragraph 307, including that Plaintiffs or the putative Class are entitled to actual damages, treble damages, or attorneys' fees under RCW 19.86.090 or otherwise.

## COUNT X
## VIOLATION OF WASHINGTON DATA BREACH DISCLOSURE LAW
## RCW 19.255.005, ET SEQ.
## (ON BEHALF OF PLAINTIFFS & THE WASHINGTON SUBCLASS)

308. Intelerad restates and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

309. Paragraph 309 states a legal conclusion to which no response is required; Intelerad respectfully refers the Court to RCW 19.255.010(2) for its full and accurate content, and denies each and every allegation inconsistent therewith.

310. Intelerad denies the allegations in Paragraph 310, including that RCW 19.255.010 applies to Intelerad in the manner alleged.

311. Intelerad denies the allegations in Paragraph 311, including that a "breach of the security of systems" as defined by that statute occurred.

312. Intelerad denies the allegations in Paragraph 312, including that Intelerad failed to timely disclose any breach.

313. Intelerad denies the allegations in Paragraph 313.

314. Intelerad denies the allegations in Paragraph 314, including that Intelerad failed to send notification letters to impacted persons.

315. Intelerad denies the allegations in Paragraph 315.

**RESPONSE TO PRAYER FOR RELIEF**

316. Intelerad denies that Plaintiffs or the putative Class are entitled to certification of this action as a class action or to appointment of Plaintiffs or their counsel as Class Representatives or Class Counsel, as requested in subpart A of the Prayer for Relief.

317. Intelerad states that, pursuant to the Court's Order [D.E. 49], Plaintiffs' request for injunctive relief compelling Intelerad to enhance its security and monitoring systems and to submit to future audits, as requested in subparts B and C of the Prayer for Relief, has been dismissed for lack of standing, and no response is required as to that relief; to the extent a response is deemed required, Intelerad denies that Plaintiffs or the putative Class are entitled to such relief. Intelerad denies that Plaintiffs or the putative Class are entitled to the remaining equitable relief requested in subparts B and C, including any order compelling disclosure of the type of Sensitive Information allegedly compromised.

318. Intelerad denies that Plaintiffs or the putative Class are entitled to restitution or disgorgement of revenues, as requested in subpart D of the Prayer for Relief.

319. Intelerad denies that Plaintiffs or the putative Class are entitled to an order requiring Intelerad to pay for credit monitoring services, as requested in subpart E of the Prayer for Relief.

320. Intelerad denies that Plaintiffs or the putative Class are entitled to actual, compensatory, statutory, or other damages or penalties, as requested in subpart F of the Prayer for Relief.

321. Intelerad denies that Plaintiffs or the putative Class are entitled to punitive damages, as requested in subpart G of the Prayer for Relief.

322. Intelerad denies that Plaintiffs or the putative Class are entitled to attorneys' fees and costs under the common fund doctrine or any other applicable law, as requested in subpart H of the Prayer for Relief.

323. Intelerad denies that Plaintiffs or the putative Class are entitled to costs or expenses, including expert witness fees, as requested in subpart I of the Prayer for Relief.

324. Intelerad denies that Plaintiffs or the putative Class are entitled to pre- or post-judgment interest, as requested in subpart J of the Prayer for Relief.

325. Intelerad denies that Plaintiffs or the putative Class are entitled to any other or further relief, as requested in subpart K of the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Intelerad asserts the following defenses without assuming any burden of proof that would otherwise rest with Plaintiffs, and without waiving the denials set forth above. Intelerad reserves the right to assert additional defenses that become available or apparent during the course of discovery.

1. The Complaint, in whole or in part, fails to state a claim against Intelerad upon which relief can be granted.

2. Plaintiffs and/or putative Class Members lack Article III standing to pursue some or all of the relief sought, including, but not limited to, as the Court has already held [D.E. 49], injunctive relief that would require Intelerad to enhance its data security and monitoring systems or submit to future audits, because any such future risk of harm is not sufficiently imminent or substantial.

3. Plaintiffs' and the putative Class's claims are barred, in whole or in part, to the extent they have not suffered any injury or damages cognizable under the law that is fairly traceable to any act or omission of Intelerad.

4. Any injury or damages allegedly suffered by Plaintiffs or the putative Class were not proximately caused by any act or omission of Intelerad.

5. Plaintiffs' and the putative Class's claims are barred, in whole or in part, because any injury or damages allegedly suffered were caused by the acts or omissions of third parties, including unidentified and unauthorized threat actors, over whom Intelerad had no control and for whom Intelerad is not legally responsible.

6. Plaintiffs' and the putative Class's claims are barred, in whole or in part, by their failure to mitigate any alleged harm or damages.

7. Plaintiffs' and the putative Class's negligence and negligence per se claims are barred, in whole or in part, by the economic loss doctrine.

8. Plaintiffs' and the putative Class's claims are barred, in whole or in part, because their alleged damages are speculative, too remote, or impossible to ascertain or allocate to permit an award of damages against Intelerad.

9. Plaintiffs' and the putative Class's claims for breach of implied contract and unjust enrichment are barred, in whole or in part, because no implied contract existed between Intelerad and Plaintiffs or the putative Class, and, in the alternative, because Plaintiffs' unjust enrichment claim is pleaded in the alternative to their breach of implied contract claim and duplicative recovery is not permitted.

10. Plaintiffs have voluntarily dismissed their breach of fiduciary duty claim without prejudice. *See* D.E. 41 at 3, n.2. To the extent any such claim is reasserted, Plaintiffs' and the

putative Class's claim for breach of fiduciary duty is barred, in whole or in part, because no fiduciary relationship existed between Intelerad and Plaintiffs or the putative Class.

11. Plaintiffs have voluntarily dismissed their bailment claim without prejudice. *See* D.E. 41 at 3, n.2. To the extent any such claim is reasserted, Plaintiffs' and the putative Class's claim for bailment is barred, in whole or in part, because no bailment relationship existed between Intelerad and Plaintiffs or the putative Class.

12. Plaintiffs' and the putative Class's claim under the Washington Consumer Protection Act is barred, in whole or in part, because Intelerad did not engage in any unfair or deceptive act or practice affecting the public interest.

13. Plaintiffs' and the putative Class's claim under the Washington Data Breach Disclosure Law is barred, in whole or in part, because Intelerad complied with any applicable notification obligations under RCW 19.255.010.

14. Plaintiffs' and the putative Class's claims are barred, in whole or in part, because the proposed Nationwide Class and Washington Subclass are not capable of being certified under Rule 23 of the Federal Rules of Civil Procedure.

15. Plaintiffs' and the putative Class's claims for injunctive relief are barred, in whole or in part, for lack of standing and because Plaintiffs and the putative Class have an adequate remedy at law.

16. Plaintiffs' and the putative Class's claims are barred, in whole or in part, pursuant to the one-satisfaction rule, payment, release, and accord and satisfaction.

17. Intelerad gives notice that it intends to rely upon any additional affirmative defenses that become available or apparent during discovery and reserves the right to amend this Answer, including to assert or withdraw defenses, subject to any requisite leave of Court.

## REQUEST FOR RELIEF

WHEREFORE, Defendant Intelerad Medical Systems, Incorporated respectfully requests that the Court enter judgment ordering that Plaintiffs and the putative Class take nothing by their claims, dismissing with prejudice all counts in the Second Amended Class Action Complaint, denying class certification, and awarding Intelerad its costs and attorneys' fees incurred in defending this action, together with all other and further relief to which Intelerad may be justly entitled.

Respectfully submitted, this the 9th day of September, 2026.


/s/ *Jason K. Fagelman*
Jason K. Fagelman
Joseph E. Simmons
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
Jason.fagelman@nortonrosefulbright.com
Joseph.simmons@nortonrosefulbright.com
Texas Bar No. 00796525
Texas Bar No. 24136261
*Attorneys for Defendant*

/s/ *H. Hunter Bruton*
H. Hunter Bruton
Noel F. Hudson
**SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP**
150 Fayetteville Street, Suite 2800
Raleigh, North Carolina 27601
Telephone: (919) 821-1220
Facsimile: (919) 821-6800
hbruton@smithlaw.com
N.C. Bar No. 50601
nhudson@smithlaw.com
N.C Bar No. 59776

*Local Civil Rule 83.1(d) Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that I electronically filed this document with the Clerk of Court using the CM/ECF System, which will send notification of the filing to all counsel of record.

Respectfully submitted, this the 9th day of September, 2026.

SMITH, ANDERSON, BLOUNT,
DORSETT, MITCHELL & JERNIGAN, LLP

/s/ *H. Hunter Bruton*
H. Hunter Bruton
Noel F. Hudson
150 Fayetteville Street, Suite 2800
Raleigh, North Carolina 27601
Telephone: (919) 821-1220
Facsimile: (919) 821-6800
hbruton@smithlaw.com
N.C. Bar No. 50601
nhudson@smithlaw.com
N.C. Bar No. 59776

*Local Civil Rule 83.1(d) Attorney for Defendant*